IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 3:14-CR-236-D(2) |
| VS. | § |
| | § |
| BERNARDO RODRIGUEZ MARTINEZ, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Bernardo Rodriguez Martinez ("Rodriguez") moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and for leave to amend his 18 U.S.C. § 3582(c)(1)(A)(i) motion to reduce sentence. For the reasons that follow, the court grants Rodriguez's motion for leave to amend but denies his amended motion to reduce sentence.

I

Rodriguez pleaded guilty to conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B)(viii) (count 1) and to conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) & (h) (count 2). On July 24, 2015 the court sentenced him to 240 months' imprisonment as to count 1 and 240 months' imprisonment as to count 2 (with the terms of imprisonment to run concurrently) to be followed by four years of supervised release as to count 1 and one year of supervised release as to count 2 (also to run concurrently).

On January 18, 2023 the clerk of court docketed a copy of a November 30, 2022 letter that Rodriguez had written to Warden Lieu. In the letter, Rodriguez requested compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). After the letter was docketed, the court entered a January 26, 2023 order that construed the letter as a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and ordered the government to file a response by February 23, 2023, and permitted Rodriguez to file a reply no later than March 16, 2023. The government filed its response on February 10, 2023, and Rodriguez filed his reply on May 2, 2023.[1]

On February 13, 2023 Rodriguez filed a motion under Fed. R. Civ. P. 15(a)(2) for leave to amend his 18 U.S.C. § 3582(c)(1)(A)(i) motion to reduce sentence so that he could "cure the pleading deficiencies in his Request." D. Mot. Lv. Amend at 2. The government has not responded to Rodriguez's motion for leave to amend.[2]

II

The court grants Rodriguez's February 13, 2023 motion for leave to amend his motion to reduce sentence and addresses the arguments contained in the amended motion to reduce sentence, which Rodriguez attached to his motion for leave to amend.

---

[1] Rodriguez maintains that he was not served with the government's response until April 4, 2023, so that his reply was not due until May 4, 2023.

[2] In his reply, Rodriguez requests that the court hold this case in abeyance pending the effective date of the United States Sentencing Commission's 2023 Adopted Sentencing Guidelines Amendments. The court denies Rodriguez's request. If, at some future time, Rodriguez has additional grounds to support a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), he may move anew for compassionate relief.

III

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[3] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

---

[3]Rodriguez states that, on November 22, 2022, he requested compassionate release from the Warden of his facility and that, as of February 13, 2023, the Warden had neither responded nor filed a motion on Rodriguez's behalf. Although Rodriguez has failed to attach any evidence showing that he has exhausted his administrative remedies, the court will assume *arguendo* that he has, as required under 18 U.S.C. § 3582(c)(1)(A).

IV

The court first considers whether extraordinary and compelling reasons warrant a sentence reduction. In support of his motion, Rodriguez contends, *inter alia*, that "the COVID-19 pandemic is not over," D. Mot. 9; that the design of Petersburg Medium FCI, where he is currently imprisoned, makes it impossible to mitigate the propagation of COVID-19; that although he has been vaccinated and has received a booster, the vaccine is not 100% effective against certain current and future variants; that he is especially vulnerable to serious illness or death if infected with COVID-19 or one of its variants because he is 35 years old, Hispanic, a former smoker, and suffers from obesity; and that if he "is infected with COVID-19 or one of its variants, the complications caused by his obesity, coupled with fever and other symptoms caused by the virus, will increase the risk of serious illness or death," *id.* at 15. He also contends that his elderly parents need him to care for them because, as a result of their age and various health conditions, they are at a heightened risk of serious illness or death if they are infected with COVID-19. And he argues that the collateral effects of his deportable alien status gives the court the authority to grant him a *Smith* variance based on his ineligibility for the full benefits of 18 U.S.C. § 3624(c), the BOP's Residential Drug Abuse Treatment Program, the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security Act of 2020, and that the Trump Administration's post-sentencing policy changes regarding private prisons and the COVID-19 pandemic, in conjunction with the aforementioned collateral effects, have caused a fortuitous increase in the severity of his sentence, and their combined effect is "beyond the ordinary." D. Mot. 18 (citation omitted).

In light of the court's decision below that, considering the § 3553(a) factors, Rodriguez should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

V

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021)

(Fitzwater, J.).

Rodriguez is currently serving a 240-month sentence for conspiracy to possess with intent to distribute a large amount of methamphetamine, a drug that is extremely deleterious to users and the community at large. Rodriguez's projected release date is July 31, 2031. If the court grants Rodriguez's motion, it will be ordering him released over eight years before he would otherwise be eligible. Not only would Rodriguez's release not be in the interest of justice, it would minimize the seriousness of his crime and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Rodriguez argues that he does "not pose a danger to the community" because he "will be certainly deported to Mexico upon his release and barred from legally reentering the United States—indefinitely." D. Mot. 22. But he fails to provide sufficient evidence to support his contention that he would not be a danger to the safety of any other person or the community if released. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Rodriguez's relevant offense conduct and finds that he would pose a danger to the public if granted an

early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that it should not reduce Rodriguez's sentence under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").[4]

### VI

The court addresses separately Rodriguez's argument that he is entitled to a variance under *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994) ("*Smith* variance") because his status as a deportable alien has caused a fortuitous increase in the severity of his sentence.

To the extent that Rodriguez's motion can be construed as challenging the execution of his sentence, the proper vehicle for raising such a claim is a habeas petition under 28

---

[4]Rodriguez also requests appointment of the Federal Defender's Office to assist him "if oral argument is necessary." D. Mot. 1. Because oral argument is unnecessary in this case, Rodriguez's request for appointed counsel is denied.

U.S.C. § 2241. *See, e.g.*, *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (stating that § 2255 is the primary means of collaterally attacking a federal sentence, while § 2241 is used to attack the manner in which a sentence is executed).[5] But a claim under § 2241 must be filed in the district where the prisoner is being confined. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) ("[W]e have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition."). At the time he filed this motion, Rodriguez was confined in Hopewell, Virginia. Therefore, to the extent that Rodriguez's motion challenges the execution of his sentence under § 2241, this court lacks jurisdiction to consider it.

To the extent that Rodriguez's motion can be construed as challenging the legality of his underlying sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)). But a § 2255

---

[5] It is not clear in the Fifth Circuit whether claims of the type Rodriguez alleges should be brought under § 2255 or § 2241. *Compare Perez-Martinez v. United States*, 235 Fed. Appx. 228, 228-29 (5th Cir. 2007) (per curiam) (holding that the district court did not err in construing a prisoner's claim under § 2255 where he "sought a downward departure because he was not eligible for various rehabilitative programs and sentence-reduction incentives due to his status as a deportable alien"), *with Carvajal v. Tombone*, 31 Fed. Appx. 155, 2001 WL 1748343, at *1 (5th Cir. 2001) (per curiam) (holding that the district court erred in construing prisoner's § 2241 petition as a § 2255 motion where the prisoner intended to challenge the Bureau of Prisons' action in excluding him "from various community-based and drug-treatment programs" due to his status as an INS detainee).

motion would, at this point, be untimely under 28 U.S.C. § 2255(f)(1) because more than one year has passed since the judgment of conviction in this case became final.

Even so, this would be Rodriguez's initial § 2255 motion, so if the court were to recharacterize his arguments in support of a *Smith* variance as requesting relief under § 2255, it would be required to advise Rodriguez that "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see also* 28 U.S.C. § 2244(b)(3)(A); *United States v. Cardenas*, 13 F.4th 380, 386 (5th Cir. 2021) ("When a district court recharacterizes a filing as a § 2255 motion, the movant must have the opportunity to amend his now-recharacterized motion . . . to include any claims that relate back to the original pleading." (citations omitted)).

And insofar as Rodriguez seeks relief cognizable under either § 2241 or § 2255, those claims would also not support relief under § 3582(c). *See United States v. Escajeda*, 58 F.4th 184, 186-88 (5th Cir. 2023) ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153" of Title 28, through which "Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court." (citations omitted)).

Accordingly, to the extent that Rodriguez challenges the execution of his sentence or the legality of his underlying sentence, the court will not consider these challenges in deciding his motion under § 3582(c).

**SO ORDERED**.

May 30, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE